# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-225

BOBBY W. GRIFFIN,  )
        Plaintiff,  )
  v.  )
    )
HARRIS TEETER, INC.,  )
        Defendant.  )
    )

## CONSENT PROTECTIVE ORDER

This matter is before the Court upon joint stipulation of the parties, Bobby W. Griffin (hereafter "Griffin" or "Plaintiff") and Defendant Harris Teeter, Inc. (hereafter "Harris Teeter" or "Defendant"), for a protective order. Pursuant to the consent of the parties, this Protective Order governing certain records, documents and information should be entered in this matter for the reason that one or both parties assert that this information is confidential, sensitive and/or proprietary.

The Parties therefore stipulate that:

1. "Confidential" as used herein refers to any personnel or business records, documents, or any other confidential or personnel-related information, however described, regarding Harris Teeter's current and/or former employees or job applicants, Harris Teeter's business, commercial, proprietary and financial information, its internal policies and procedures, Plaintiff's medical records (whether produced by Plaintiff or by Plaintiff's medical providers in response to a request and release from Defendant), the parties' tax records, and any other confidential agreements or materials the parties may have. Copies of any such information which a party contends is confidential may be stamped "CONFIDENTIAL" and/or be identified

as "CONFIDENTIAL" or subject to a protective order in response to discovery requests. Such information shall be designated as CONFIDENTIAL only upon a good faith belief that the information falls within this definition.

2. All information in whatever form subject to this Protective Order, shall be used by the receiving party only in connection with the above-referenced action, *Bobby W. Griffin v. Harris Teeter, Inc.*, which is pending in the United States District Court for the Western District of North Carolina, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

3. All information subject to this Protective Order shall be revealed only as follows:

   (a) To the Court;

   (b) Attorneys of record for the parties in this litigation, in-house counsel for those parties which are legal entities, insurance adjusters assigned to this case by an insurance company that may be obligated in whole or in part to pay for the defense, settlement and/or judgment in this case, and employees or independent contractors (i.e. contract lawyers, document imaging and electronic discovery companies, computer forensic companies, litigation support companies, and others) of such attorneys of record and/or in-house counsel to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

   (c) Each party to this case or, where the party is a legal entity, such party's representatives;

   (d) To court reporters and/or videographers retained for use in this matter;

   (e) Any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition;

   (f) Any witness if such information is reasonably likely to be relevant to that witness's knowledge or subject matter of testimony, but the witness shall not be able to retain any Confidential Material;

   (g) To law clerks, paralegals, legal assistants, stenographic and clerical employees of counsel referred to in Paragraph 3(b), who have agreed to abide by the terms of this Order and who are operating under the direct

supervision of counsel;

(h) To any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document;

(i) To independent experts working on behalf of a party for the purposes of this litigation who have agreed to abide by the terms of this Order; and

(j) Any person designated as a mediator by Court Order or by agreement of the parties after such person executes a copy of Acknowledgement A and agrees to be bound by this Order. Agreement to abide by the terms of this Order shall be evidenced by compliance with the provisions of Paragraph 4 of this Order.

4. Each person examining the information subject to this Protective Order, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order. No person shall be allowed to disclose, by any means whatsoever, any such information or any notes arising therefrom until the person to whom disclosure is to be made has:

(a) Read this Order in its entirety; and

(b) Signed and dated a copy of this Order signifying his/her agreement to its provisions and consent to the jurisdiction of the Court over his/her improper disclosure.

5. No person who examines any information produced pursuant to this Order shall disseminate orally, in writing, or by any other means any such information to any other person not also authorized to examine information under the terms of this Order. Failure to abide by this provision may lead to sanctions, up to and including dismissal of this lawsuit with prejudice, or the striking of pleadings.

6. If original documents are produced for inspection pursuant hereto, the producing party and its attorneys of record have the right to have a person present in the inspection room at all times during the inspection of such documents. The original documents produced under the

terms of this Order shall remain in the custody and control of the producing party at all times.

7. The production of any information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

8. Documents which have been labeled CONFIDENTIAL by either party shall, if filed as an attachment to any filing in this action via the Court's ECF system, be filed under seal, with access limited to parties and attorneys of record in the matter. The parties are granted leave to file confidential materials under seal for consideration by the Court.

9. Subject to the Federal Rules of Evidence and any final pretrial filing or order identifying trial exhibits, confidential information produced pursuant to this Order may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information.

10. At the conclusion of the action, counsel for each party may retain one complete set of all documents and exhibits which have been produced in the litigation. All other copies of information produced which has been stamped or otherwise deemed "CONFIDENTIAL" pursuant to this Protective Order, and all notes arising from the examination of such information, with the exception of notes made by an attorney for a party which contain the mental impressions, opinions, conclusions, or legal theories of the attorney, taken by whomever and whatever form, shall be surrendered to the producing party for destruction at the conclusion of the final proceedings of this lawsuit. All such information in the possession of counsel shall be either returned to the producing party or destroyed by counsel, at his or her option, within 10

days of receiving written request from a party for such information. Nothing in this Order shall prevent counsel for each party from retaining a complete record of the action for their files.

11. All information designated as confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged information shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

12. This Order shall create the same legal rights and obligations as an Order entered by the Court.

13. The ultimate disposition of protected materials are subject to a final order of the Court on the completion of this litigation.

Agreed and Stipulated to this 20th day of September, 2013.

| | |
|---|---|
| s/Kirk J. Angel | s/Kelly S. Hughes |
| N.C. Bar No. 33559 | N.C. Bar No. 33439 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| THE ANGEL LAW FIRM, PLLC | OGLETREE, DEAKINS, NASH, |
| 109 Church Street N |   SMOAK & STEWART, P.C. |
| P.O. Box 1296 | 201 South College Street, Suite 2300 |
| Concord, NC 28026 | Charlotte, NC 28244 |
| Telephone: 704. 262.6903 | Telephone: 704.342.2588 |
| Facsimile: 704.973.7859 | Fax: 704.342.4379 |
| E-mail: kirk@theangellawfirm.com | E-Mail: kelly.hughes@ogletreedeakins.com |

**IT IS SO ORDERED.**

Signed: September 24, 2013

_____
David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BOBBY W. GRIFFIN, )
        Plaintiff, )
v. )
) Civil Action No. 3:13-cv-225
HARRIS TEETER, INC., )
        Defendant. )
)

**ACKNOWLEDGMENT A**
**TO**
**CONSENT PROTECTIVE ORDER**

      The undersigned hereby acknowledges that he or she has read the Consent Protective Order entered in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Consent Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Consent Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____
_____

Date: _____      _____
                                                                                             Signature